Filed 9/13/23  P. v. Heim CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JACOB DANIEL HEIM,<br><br>     Defendant and Appellant. | D080735<br><br><br><br>(Super. Ct. No. SCD290089) |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General for Plaintiff and Respondent.

## I. INTRODUCTION

The People charged appellant Jacob Daniel Heim with six counts of committing lewd acts on a child under the age of 14 years (Pen. Code, § 288, subd. (a)) and one count of exhibiting to a minor harmful matter depicting

sexual conduct of a minor (Pen. Code, § 288.2, subd. (a)), along with two aggravating circumstances as to each count (Cal. Rules of Court, rule 4.421(a)(3), (a)(11)).

During pre-trial hearings, Heim presented his sovereign citizen beliefs to the trial court and argued the court lacked jurisdiction over him. The court ordered a psychiatric evaluation of Heim. The psychiatrist determined that although Heim held sovereign citizen beliefs, he did not suffer from mental illness that caused such beliefs, and he was competent to stand trial. Heim's appointed defense counsel stated he had spoken with Heim and had no doubt as to his competence.

On two occasions prior to trial, Heim waived his right to counsel after extensive warning from the trial court. The trial court found that his waiver was voluntary, knowing, and intelligent.

Heim proceeded to trial without an attorney. He took an active role in voir dire, questioned some witnesses, and made a closing argument, arguing that the prosecution's case left doubt as to his guilt. The jury found Heim guilty on all counts and found true both aggravating circumstances as to all counts.

Despite his repeated assertions to the trial court that he understood the proceedings and desired to represent himself, Heim now argues the trial court erred under federal and state law by allowing him to represent himself. We disagree and conclude: (1) by permitting Heim to represent himself, the trial court did not commit federal constitutional error because Heim was competent to stand trial and made a voluntary, knowing, and intelligent waiver of counsel; and (2) California provides courts discretion to deny a competent-to-stand-trial defendant his right to self-representation when severe mental illness prevents him from accomplishing the basic tasks

2

necessary to present a defense, and Heim has conceded that he did not suffer from a severe mental illness. Consequently, we affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Heim was charged with six counts of committing lewd acts on a child under the age of 14 years (Pen. Code, § 288, subd. (a)) and one count of exhibiting to a minor harmful matter depicting sexual conduct of a minor (Pen. Code, § 288.2, subd. (a)). The People further alleged two aggravating circumstances: that Heim took advantage of a position of trust and confidence in the commission of these crimes (Cal. Rules of Court, rule 4.421(a)(11)) and that the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)). We omit the facts underlying these offenses because they are not challenged on appeal or relevant to our resolution of the issues presented.

On December 3, 2021, the trial court held a hearing regarding Heim's decision to represent himself. The Deputy Public Defender representing Heim had provided him with a *Lopez* waiver; counsel provided Heim's waiver to the court. (See *People v. Lopez* (1977) 71 Cal.App.3d 568, 571 (*Lopez*) [Courts should provide certain warnings "designed to ensure a clear record of a defendant's knowing and voluntary waiver of counsel."]; *People v. Koontz* (2002) 27 Cal.4th 1041, 1070 [Citing *Lopez* and describing the proper warnings: "First, the court recommended the defendant be cautioned (a) that self-representation is 'almost always unwise,' and the defendant may conduct a defense ' "ultimately to his own detriment" ' [citation]; (b) that the defendant will receive no special indulgence by the court and is required to follow all the technical rules of substantive law, criminal procedure and evidence in making motions and objections, presenting evidence and argument, and conducting voir dire; (c) that the prosecution will be

3

represented by a trained professional who will give the defendant no quarter on account of his lack of skill and experience; and (d) that the defendant will receive no more library privileges than those available to any other self-represented defendant, or any additional time to prepare. Second, the *Lopez* court recommended that trial judges inquire into the defendant's education and familiarity with legal procedures, suggesting a psychiatric examination in questionable cases."].)

At the hearing, the trial court questioned Heim about his education and background. Heim explained that he received a bachelor's degree, worked in banking for four years, and then worked for an airline for 10 years. The trial court then questioned Heim about the charges and maximum sentence he faced, explaining that "it's important to know these things if you're going to represent yourself." Heim accurately responded that he was charged with five counts, including lewd counts, for a maximum of 16 years. The trial court asked Heim if he had any legal experience, and Heim answered that he did not.

The trial court then had the following exchange with Heim:

> The court: . . . So this would be a first time. You're looking at 16 years [in] prison. You do understand that you have an attorney who went to law school, who's been practicing for some time, who's handled very complex cases. You have that attorney available to you free of charge. You understand that?
>
> [Heim]: I do.
>
> [¶] . . . [¶]
>
> The court: Why do you think you'll be in a better position to [represent] yourself?

4

[Heim]:  I know – I know more of the facts because I was there, and I also am very calm about the situation.

[¶] . . . [¶]

The court:  … [G]enerally, this is a very poor idea to represent yourself.  It ends up turning out very badly in most cases . . . and [if] you're convicted . . . you can't then turn around and say, 'Hey, Appellate Court, I didn't know what I was doing . . . .'  You do realize that's not available to you?

[Heim]:  I do.

[¶] . . . [¶]

The court:  You will be opposed by a trained prosecutor who specializes in prosecuting these types of crimes.  Do you understand that?

[Heim]:  I'm aware.

[¶] . . . [¶]

The court:  And you do realize that this case will not be delayed because you need more time to figure out exactly how all this works.

[Heim]:  Yes.  I'm ready.

The court:  . . . [O]nce again, you have an attorney who's standing right in front . . . of you . . . and you can look him right in the eye and say, 'No.  I don't want to do it that way,' and he has to listen to you.  . . .  But you don't want that; you want to do it alone?

[Heim]:  Correct.

The trial court then determined that Heim's decision to represent himself was knowing, intelligent, and voluntary, with full awareness of the

5

risks. Heim then attempted to present the trial court with a sovereign citizen "claim of rights" filing, which the court declined to accept at that time. Heim confirmed that he would be ready for the January preliminary hearing.

On January 10, 2022, the trial court held a preliminary hearing. Heim presented his sovereign citizen argument, objecting to the "jurisdiction" of the court. The trial court found that Heim's understanding or interpretation of the court's jurisdiction was incorrect, and the court denied the motion. The trial court stated that Heim was "very competent to stand trial" based on his college degree and his papers, that he understood the proceedings despite saying he did not, and that he was merely using a tactic to prevent the case from proceeding. The People proceeded with the preliminary hearing.

On January 25, 2022, the trial court held a hearing, and Heim refused to stand, make eye contact with the court, or participate in the hearing. Based on Heim's interference with and intentional disruption of the proceedings, the trial court revoked Heim's self-represented status and reappointed the Public Defender. Heim's attorney declared a doubt as to Heim's competence, and the trial court suspended the proceedings pending an evaluation for competency to stand trial under Penal Code section 1368.

Dr. Matthew Carroll, a forensic psychiatrist for the County of San Diego, conducted the evaluation. Although Heim refused to participate in an interview, Dr. Carroll reviewed recordings of Heim's multiple phone calls between January 7, 2022, and January 27, 2022, the District Attorney file, court transcripts, and Heim's writings to the court. Dr. Carroll noted: "In the phone calls, the defendant speaks clearly. He does not exhibit any psychotic symptoms. He discusses his case and going to the law library and reading up on options and possibilities for his case. He discusses wanting to represent himself." During the phone calls, Heim discussed sovereign

6

citizenship.  As to Heim's writings, Dr. Carroll opined:  "These documents are sovereign citizen claims.  They are well organized.  These issues may be legally and factually inaccurate, but they are not psychotic.  Many of the statements are copied from other documents that are available on the internet."  Dr. Carroll concluded:

> Based on the available evidence, there is no evidence to suggest that the defendant is suffering from a mental illness that would compromise his ability to understand the nature of the proceedings against him or to cooperate with his attorney in a rational manner in his own defense.
>
> The defendant is using the sovereign citizen argument.  This is a relatively common argument that defendants have used over the years.  This is not based on psychosis or a mental illness.  This is an argument based on the defendant's perception that he can use the sovereign citizen arguments that the court does not have jurisdiction over him in this matter.
>
> He is making a voluntary choice to use the sovereign citizen argument.

Following Dr. Carroll's evaluation, in March 2022, the trial court held a hearing regarding Heim's competence.  The parties stipulated to the qualifications of Dr. Carroll and to move his report into evidence.  Heim's counsel stated:

> [Dr. Carroll] did opine that he found no evidence of a mental condition that would prevent Mr. Heim from understanding the court proceedings or assisting counsel in his representation.
>
> I have spoken with Mr. Heim.  As of right now, I have no doubts as to his competency.

7

Based on the parties' stipulations and Dr. Carroll's report, the trial court found Heim competent to stand trial.

In May 2022, the parties again appeared before the court. The People presented a plea offer. Heim declined the offer and expressed his desire to represent himself again. The trial court again questioned Heim at length:

> The court: . . . You want to represent yourself again?
>
> [Heim]: I would like to be self-represented.
>
> The court: . . . You won't have an attorney to consult. Do you understand that?
>
> [Heim]: That is correct.
>
> [¶] . . . [¶]
>
> The court: . . . Let me go back to your original *Lopez* waiver . . . . You understand what you're charged with? Do you know what the max[imum sentence] is?
>
> [Heim]: I believe it's gone up.
>
> The court: What do you believe it is?
>
> [Heim]: 18 years, eight months.
>
> The court: Is that correct?
>
> [The People]: Yes.
>
> The Court: Okay. You have a bachelor's degree. You have some employment. This *Lopez* waiver was signed before. Once again, giving you the warning. You have a seasoned Public Defender. They're yours free of charge. You don't have to do what they say, but they're there to advise you since they handle hundreds of cases and have a great amount of expertise. That's for you at your disposal.

Heim then stated that he had non-barred "legal counsel", and the trial court explained that person would not be able to assist Heim during trial. Heim reiterated: "I'm very clear I do not want a – I have my assistance of counsel. I want to be self-represented." The trial court then accepted Heim's waiver of counsel.

Prior to trial, Heim renewed his "jurisdictional challenge" and made a "request for default." After permitting Heim to make his sovereign citizen argument, the trial court found that it had jurisdiction and denied the request for default judgment.

Despite Heim's belief that the court did not have authority to conduct the proceedings and his disagreement with the rules of the court, he repeatedly expressed that he understood statements by, rules of, and proceedings in the court. For example, he stated, "I understand everything in the Court, I just disagree with it."

Heim's conduct throughout the proceedings was consistent with his expressed understanding. He exhibited an ability to conduct coherent conversations with the court. Prior to trial, Heim objected to evidence that would harm his case, including photographs of young girls that had been deleted from his cellular phone and the People's expert witness, who he noted had a "quite impressive resume" but would "bias[ ] the jury." Heim engaged in a discussion with the court regarding an audio recording that he believed would impeach the character of the victim's mother.

During voir dire, Heim asked questions of the prospective jurors, including whether the jurors believed direct and circumstantial evidence had the same weight and whether jurors would be emotional about a sexual topic. Heim questioned prospective jurors with children if they would be able to be fair in such a case. Heim successfully challenged for cause multiple

9

prospective jurors, including several victims of sexual abuse, parents and foster parents who did not believe they could be fair to Heim, and mental health professionals who work with abused women and children.

During trial, Heim cross examined the victim's mother and the investigating detective. He attempted to impeach the victim's mother by establishing that she lied to him in text messages and during a pretext call she had with him at the direction of the investigating detective.

Heim gave a closing argument. He argued there was no evidence that he touched the victim. He argued that the victim's mother had lied to him, and the investigating detective had coached her to make that lie. He addressed many aspects of the trial, including the deleted photos of the victim on his phone, the child abuse expert testimony, and the pretext call, in which he denied committing the charged crimes. He argued doubt remained after the prosecution's evidence.

## III. DISCUSSION

On appeal, Heim contends that the trial court erred under federal and state law by allowing him to represent himself. He argues *Indiana v. Edwards* (2008) 554 U.S. 164 (*Edwards*), in which the United States Supreme Court upheld a state's denial of the right to self-representation to a severely mentally ill defendant, should be extended to apply in this case. He also argues that *People v. Floyd* (1970) 1 Cal.3d 694 articulates the standard for competence to conduct trial under California law. We disagree and affirm the judgment.

A. *No Federal Constitutional Error Occurred*

The Sixth Amendment to the United States Constitution provides criminal defendants both the right to assistance of counsel and the right to self-representation, and "[t]he tension between these two rights often places

10

[trial] courts on a tightrope." (*United States v. Ziegler* (4th Cir. 2021) 1 F.4th 219, 226.) That tension is evident in a series of United States Supreme Court cases defining these constitutional rights and establishing when they may be waived, as well as in this case.

First, in *Faretta v. California*, the United States Supreme Court established that the Sixth and Fourteenth Amendments to the United States Constitution provide criminal defendants the right to self-representation when they competently, knowingly, voluntarily, and intelligently waive counsel. (*Faretta v. California* (1975) 422 U.S. 806.) With the proper waiver, the Court ruled that it is unconstitutional for states to "force a lawyer upon [a defendant], even when he insists that he wants to conduct his own defense." (*Id.* at p. 807.) The Court further explained that "a defendant need not himself have the skill and experience of a lawyer in order [to] competently and intelligently to choose self-representation." (*Id.* at p. 835.)

Subsequently, in *Godinez v. Moran*, the Court clarified that the standard for competence to waive counsel is identical to the standard for competence to stand trial announced in *Dusky v. United States* (1960) 362 U.S. 402. (*Godinez v. Moran* (1993) 509 U.S. 389, 396, 400–401 (*Godinez*).) Under *Dusky*, "the standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' " (*Godinez*, at p. 396.)

Later, in *Edwards*, the United States Supreme Court faced the question of "whether the Constitution *required* the trial court to allow Edwards to represent himself at trial." (*Edwards*, *supra*, 554 U.S. at p. 169, italics added.) The Court distinguished the question before it, which followed

11

a court's refusal to permit self-representation and thus implicated the right to self-representation, from the issue in *Godinez*, which followed a court's permitting a defendant to represent himself and thus implicated the constitutional right to representation by counsel. (*Edwards*, at p. 173 ["*Godinez* involved a State that sought to permit a gray-area defendant to represent himself. *Godinez*'s constitutional holding is that a State may do so. But that holding simply does not tell a State whether it may *deny* a gray-area defendant the right to represent himself—the matter at issue here."].)

The *Edwards* Court proceeded to create an exception to *Faretta* in which states *may* "forc[e] representation" and deny a "gray area" defendant's request to represent himself without violating the constitutional right to self-representation: "[T]he Constitution *permits* States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." (*Edwards*, *supra*, 554 U.S. at pp. 171, 177–178, italics added.) A defendant is not competent to conduct trial when he is "unable to carry out the basic tasks needed to present his own defense without the help of counsel." (*Id.* at pp. 175–176.) In establishing this exception, the *Edwards* court explicitly declined to overrule *Faretta*. (*Edwards*, at p. 178.)

As the language of *Edwards* makes clear and the California Supreme Court has confirmed, *Edwards* allows states to adopt a higher standard for competency to conduct trial than the *Dusky* standard for competency to stand trial, and only when the defendant's severe mental illness inhibits the defendant's competency to conduct the trial proceedings alone. (*Edwards*, *supra*, 554 U.S. at pp. 177–178; *People v. Taylor* (2009) 47 Cal.4th 850, 877–878 (*Taylor*).) However, *Edwards* " 'does not *mandate* the application of such

12

a dual standard of competency for mentally ill defendants.' " (*Taylor*, at p. 878.) As long as the defendant is competent to stand trial and makes a knowing, voluntary, and intelligent waiver of counsel, there can be no federal constitutional error in permitting the defendant to represent himself or herself. (*Ibid*.)

Heim concedes he was competent to stand trial, as is evident in his description of himself in his brief as a "gray area" defendant. By definition, as a "gray area" defendant, he believes he was competent to stand trial, but not to conduct trial. Likewise, Heim does not contest the trial court's finding that his waiver of counsel was voluntary, knowing, and intelligent.

Had Heim not conceded these points, the result would not change. We review the trial court's determination of the defendant's competence for substantial evidence, and we review de novo whether the waiver was voluntary, knowing, and intelligent. (*People v. Orosco* (2022) 82 Cal.App.5th 348, 358 (*Orosco*).)

Substantial evidence supports Heim's competence under *Dusky* through: (1) Heim's college degree and fourteen years of experience working in two regulated industries; (2) Heim's awareness of the maximum sentence he faced, even after it increased; (3) the psychiatrist's determination of Heim's competence after evaluation of his recent behavior; and (4) defense counsel's absence of doubt that Heim was competent after speaking with him.

The record supports the court's finding of a voluntary, knowing, and intelligent waiver. On two occasions, the court explained that Heim had experienced counsel available at no cost. The court also stated: it was a poor idea for Heim to represent himself, self-representation usually turns out very badly for the defendant, the prosecutor is trained and experienced, and he

13

would have no recourse on appeal for his choice to waive counsel. Heim repeatedly assured the court he wanted to proceed self-represented.

Consequently, the trial court did not commit federal constitutional error by permitting Heim to represent himself.

B. *California Only Permits Courts to Deny a Defendant's Request for Self-representation as Permitted by Edwards*

The absence of federal constitutional error does not end our inquiry. Although we reject Heim's contention that *Edwards* required the court to force representation by counsel, the United States Supreme Court permitted states to establish a heightened competency standard above the federal constitutional minimum when the defendant's severe mental illness prevents the defendant from conducting the trial. In *People v. Johnson*, the California Supreme Court announced a standard for denying self-representations in line with what *Edwards* permitted: "[W]e believe the standard that trial courts considering exercising their discretion to deny self-representation should apply is simply whether the defendant suffers from a severe mental illness to the point where he or she cannot carry out the basic tasks needed to present the defense without the help of counsel." (*People v. Johnson* (2012) 53 Cal.4th 519, 530 (*Johnson*).)

Heim concedes that he did not suffer from severe mental illness that triggered discretion to deny him the right to self-representation directly under *Johnson* and as permitted by *Edwards*. Nonetheless, he contends *Edwards* should be extended to apply to "defendants in appellant's situation who are not necessarily severally mentally ill" but whose "delusional beliefs" prevent them from conducting trial proceedings.

We decline to so extend *Edwards*. In *Johnson*, our high court explained that the *Edwards* rule should be applied with restraint and only as provided

14

in that case, so as to avoid running afoul of the constitutional right to self-representation:

> Trial courts must apply this standard cautiously. The *Edwards* court specifically declined to overrule *Faretta*[.] [Citations.] Criminal defendants still generally have a Sixth Amendment right to represent themselves. Self-representation by defendants who wish it and validly waive counsel remains the norm and may not be denied lightly. A court may not deny self-representation merely because it believes the matter could be tried more efficiently, or even more fairly, with attorneys on both sides. Rather, it may deny self-representation *only* in those situations where *Edwards* permits it.

(*Johnson, supra*, 53 Cal.4th at p. 531, italics added; *Orosco, supra*, 82 Cal.App.5th at p. 360 ["*Edwards* and *Johnson* both require that the defendant's incompetence to represent himself derive from a 'severe mental illness.' "].) Our high court has recently confirmed that, except as provided in *Johnson*, competence to waive counsel, like competence to stand trial, is governed by the *Dusky* competence standard. (*People v. Wycoff* (2021) 12 Cal.5th 58, 89, 96 [citing *Godinez, supra*, 509 U.S. at p. 398, and *Dusky, supra*, 362 U.S. at p. 402].)

Moreover, the Ninth Circuit has rejected the argument that a defendant's sovereign citizen ideology is a sufficient basis to overcome the defendant's constitutional right to self-representation. (*U.S. v. Neal* (9th Cir. 2015) 776 F.3d 645, 658 ["Neal clearly endorsed the 'sovereign citizen' ideology. Neal's request to represent himself could not be denied solely because he adhered to such beliefs. The right to represent oneself, like the right to counsel, is secured by the Constitution."].) We agree.

Even if the Constitution were to permit California to grant the trial court discretion to deny a self-representation request based on a defendant's

15

beliefs, and even if California elected to do so, the record supports a finding that Heim was able to perform basic tasks in his defense. The evaluating psychiatrist determined that there was no evidence that Heim suffered from mental illness or that his sovereign citizen beliefs were the result of mental illness or psychosis. Prior to the waiver of counsel, Heim's attorney agreed that there was "no doubt" as to Heim's competence. Heim's conduct during the proceedings demonstrates that Heim's sovereign citizen beliefs did not render him unable to perform the tasks of trial. To the contrary, the record shows that he knew precisely the maximum sentence he faced, even when it had increased; he engaged in coherent conversation with the court regarding evidence; he questioned prospective jurors and appropriately challenged them based on the charges against him; he attempted to impeach a witness by introducing evidence where she lied to him; and he argued in closing that doubt remained after the prosecution's evidence. Throughout, he assured the court that he understood the proceedings, he just disagreed with them.

Finally, Heim contends that *People v. Floyd* provides the standard for competence to conduct trial under California law. *Floyd* states that "a defendant may waive counsel and choose to represent himself only if the defendant has an intelligent conception of the consequences of his act [citation] and understands the nature of the offense, the available pleas and defenses, and the possible punishments." (*Floyd, supra*, 1 Cal.3d at p. 703.) Heim fails to explain and we fail to see how the language of *Floyd* would require a different result here.

Regardless, the California Supreme Court has explained that *Floyd* did not articulate a standard for self-representation competence, and that, had it done so, it would not have survived *Faretta*. (*Taylor, supra*, 47 Cal.4th at p. 872, fn. 9 ["Before *Faretta*, then, we had referred to self-representation

16

competence, but had not articulated any standard under California law for its assessment."; "In *People v. Floyd*, [citation] this court included the seriousness of the charges and the defendant's youth and limited education as factors against allowing waiver of counsel. To the extent we intended this as a competence standard, however, it could not have survived *Faretta*."].)

Rather, our high court has confirmed that courts do not have discretion to deny self-representation under pre-*Faretta* state law:

> But we are constrained by the circumstance that what is permissible is only what *Edwards* permits, not what pre-*Faretta* California law permitted. In other words, because of federal constitutional constraints, in considering the defendant's mental state as a reason to deny self-representation, a California court may not exercise the discretion permitted under California law but solely that permitted in *Edwards*.

(*Johnson*, *supra*, 53 Cal.4th at p. 530.) As we concluded above, the trial court did not commit error based on *Edwards* in permitting Heim to represent himself.

## IV. DISPOSITION

We affirm the judgment.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.

17